STEPHEN B. ATWOOD

*vs.*

THE MOOSE HEAD PAPER AND PULP COMPANY.

Somerset.   Opinion April 4, 1893.

*Flowage.   Mortgage.   Levy*

A mortgagor of real estate, while he remains in possession of the premises, and before a foreclosure of the mortgage, has such an interest in the premises mortgaged as will enable him to maintain a complaint for flowage under the Mill Act, provided there is no objection to his so doing other than the existence of the mortgage.

The same rule applies to land sold for taxes or levied upon to satisfy an execution so long as the owner's right to redeem continues.

ON REPORT.

This was a complaint for flowage.

The complaint is dated August 12th, 1891.   Plaintiff received his title by deed from Southard Walker, November, 1876, and mortgaged the premises back on the same day to Walker, to secure the purchase money, $800.   This mortgage remains unpaid.

The premises were sold on execution, at sheriff's sale, three times, viz: they were twice sold on June 15, 1891, and sold again on December 19, 1891.

On March 24, 1892, the plaintiff paid the grantees under the sheriff's deeds of June 15, 1891, the amount for which the premises sold; and on March 25, 1892, he paid the amount of the sale of December 19, 1891.

The defendant commenced the construction of its dam in June, 1889, and completed it in February, 1890; there was no interruption of the water or flowage of the plaintiff's premises in the year 1889.   The defendant, by means of the dam built in the year 1889, flowed the premises of the plaintiff during the seasons of 1890 and 1891.

The plaintiff has had possession of his farm from the time of his purchase to the present time.   No claim for flowage has been made by the grantees in said deeds.

*J. J. Parlin* and *Walton and Walton,* for plaintiff.

Counsel cited : *Dickenson* v. *Fitchburg,* 13 Gray, 546, 558 ; *Charles* v. *Manf'g Co.* 17 Pick. 70 ; *Paine* v. *Woods,* 108 Mass. 160 ; *Vaugh* v. *Wetherell,* 116 Mass. 138 ; *Moor* v. *Shaw,* 47 Maine, 88 ; *Turner* v. *Whitehouse,* 68 Maine, 221 ; *Walker* v. *Woolen Co.* 10 Met. 203 ; *Calais* v. *Dyer,* 7 Maine, 157 ; *Bean* v. *Hinman,* 33 Maine, 480.

*Webb, Johnson and Webb,* for defendant.

After alienation damages belong to the grantee. It is a personal claim for money. Grantees were owners. *Seymour* v. *Carter,* 2 Met. 520 ; *Craig* v. *Lewis,* 110 Mass. 377 ; *Snow* v. *Moses,* 53 Maine, 546 ; *Sargent* v. *Machias,* 65 Maine, 591 ; *Chick* v. *Rollins,* 44 Maine, 114.

WALTON, J.   The question is whether a mortgagor, while he remains in possession, has such an estate in the mortgaged premises as will enable him to maintain a complaint for flowage under our mill act.

We think he has.   The prevailing doctrine at this day is that, as against all persons except the mortgagee and those claiming under him, the mortgagor is regarded as the owner of the land so long as he remains in possession of it.   In equity, the mortgagor is deemed the owner, and the mortgage is considered as nothing more than security for the debt.   The mortgagor has a right to lease or sell the land, and to deal with it in every particular as owner, so long as he is permitted to remain in possession, subject only to the rights of the mortgagee.   "The courts of law have also, by gradual and almost insensible progress adopted these equitable views," and, "except as against the mortgagee, the mortgagor, while in possession and before foreclosure, is regarded as the real owner ; and a freeholder, with the civil and political rights belonging to that character."   Such were the views expressed by Chancellor Kent, and sanctioned by Chief Justice WHITMAN, in *Wilkins* v. *French,* 20 Maine, 111.

Such being the law, we can not doubt that a mortgagor, while

he remains in possession, and before foreclosure of the mortgage, has such an estate in the mortgaged premises as will enable him to maintain a complaint for flowage under the mill act, provided there is no objection to his so doing except the existence of the mortgage.

And we think the same rule applies when one's land has been sold for taxes or levied upon to satisfy an execution. So long as the owner's right of redemption continues, and he is permitted to remain in possession of the premises so sold or levied upon, we think he has an estate sufficient to authorize him to maintain a complaint for flowage. The relations of the parties are precisely the same as those of mortgagor and mortgagee, and we fail to perceive any reason why the same rule should not apply. And we think it is better that it should be so; for such a sale or such a levy can give no right to the mill owner to flow the land without paying the damage; and if he pays it to the purchaser or to the levying creditor, the latter must account for it in case the owner redeems; and the latter might not be satisfied with the amount so paid; and then there would be a dispute, and perhaps litigation, to settle the amount. And the relations of the parties are such, that while the right of redemption remains in the owner, and he is permitted to retain the possession, we think it is better that the right to recover damage for flowage should also remain in him.

It happens that in this case the mill owner is the holder of a tax title; and that when this suit was commenced, the plaintiff's right of redemption had not expired. He was still in possession of the land sold, and the defendant Pulp Company was continuing to flow it. Before this case can reach a committee, either the land will have been redeemed or the right of redemption will have expired. If redeemed, the sale will have no effect upon the proceedings. The damages will be appraised precisely as if no such sale had ever taken place. If not redeemed, then the damages to be assessed must stop at the date of the sale. From that time forward, the sale must be treated as if it had been absolute, and the title of the Pulp Company complete. The sales from which the land has already

been redeemed are to be regarded as nullities, and are to have no influence upon the proceedings whatever.

*Case remanded for further proceedings*
*in the court below.*

PETERS, C. J., EMERY, HASKELL and WHITEHOUSE, JJ., concurred.